**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO TECUM-GONZALES, | No. 09-71646 |
| Petitioner, | Agency No. A079-018-833 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE and THOMAS, Circuit Judges.

Petitioner Alfonso Tecum-Gonzales, a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals order dismissing his appeal

from an immigration judge's decision (IJ) denying his application for asylum,

withholding of removal and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Petitioner's request for oral argument is denied.

(CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Tecum-Gonzales failed to show his alleged persecutors threatened him on account of a protected ground.  His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion.  *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

We decline to address Tecum-Gonzales's contention that he established past persecution, because the Board denied relief based on a failure to establish a nexus to a protected ground and not based on a failure to establish persecution. Similarly, Tecum-Gonzales's suggestion that his alleged persecutors had mixed motives does not warrant relief, because the Board found any persecution would not be on account of a protected ground.  Finally, contrary to Tecum-Gonzales's assertion, the IJ did not find his testimony inconsistent or not credible.

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Tecum-Gonzales did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Guatemalan government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007). The record belies Tecum-Gonzales's contention that the Board denied relief based on credibility without considering the merits of his CAT claim.

**PETITION FOR REVIEW DENIED.**